**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DEVON TYLER, )
 )
       Petitioner, )
 ) Case No. 12 C 9863
   v. )
 )
UNITED STATES OF AMERICA, )
 )
       Respondent. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

    Before the Court is pro se Petitioner Devon Tyler's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the Court dismisses Tyler's Section 2255 motion as untimely. *See* 28 U.S.C. § 2255(f). Also, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## PROCEDURAL BACKGROUND

    On April 8, 2008, a grand jury returned an Indictment charging Tyler with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846. In a Superseding Information, Tyler was charged with knowingly and intentionally distributing a controlled substance, namely, 50 grams or more of mixtures and substances containing cocaine base in the form of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On April 12, 2010, Tyler pleaded guilty to the one-count Superseding Information. As part of his plea agreement, Tyler agreed that the amount of crack cocaine involved in the offense of

---

[1] Petitioner's reply brief to his Section 2255 motion was due on or before March 5, 2013. To date, Petitioner has not filed any such reply.

conviction and relevant conduct with which he was personally involved was approximately 119 grams. Also, Tyler acknowledged that the crime to which he was pleading guilty had a mandatory minimum sentence of ten years in prison. On July 28, 2010, the Court sentenced Tyler to the mandatory minimum sentence, namely, 120 months imprisonment. The Court entered judgment on July 29, 2010. Tyler did not file a direct appeal.

On December 17, 2010, Tyler, without counsel, filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the 2007 Amendments to the United States Sentencing Guidelines. On April 22, 2011, the Court denied Tyler's motion explaining that the Court sentenced Tyler with the benefit of the 2007 Amendments because the Court used the 2009 Guidelines, which incorporated the 2007 Amendments. The Court further explained that the Court sentenced Tyler to the mandatory minimum sentence and that the 2007 Amendments did not impact the mandatory minimum sentence. On January 3, 2012, Tyler filed another motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court denied his motion on February 9, 2012. Tyler did not appeal the Court's April 22, 2011 or February 9, 2012 rulings.

On August 7, 2012, Tyler filed the present Section 2255 motion to vacate, set aside, or correct his sentence. Respondent maintains that Tyler's Section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1) and that Tyler has failed to establish equitable tolling.

## ANALYSIS

**I.      Statute of Limitations – 28 U.S.C. § 2255(f)(1)**

A federal prisoner has one year from the date on which his judgment became final to file a Section 2255 motion. *See Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155

2

L.Ed.2d 88 (2003); *Clarke v. United States*, 703 F.3d 1098, 1099 (7th Cir. 2013). A judgment is "final" for purposes of Section 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *See Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also Latham v. United States,* 527 F.3d 651, 652 (7th Cir. 2008).

Tyler did not file a notice of appeal, and thus he did not have the right to file a writ of certiorari because he was never "in" the Court of Appeals. *See id.*, at 652-53; 28 U.S.C. § 1254. Therefore, Tyler's one-year limitations period began to run fourteen days after the Court entered judgment, namely, the time in which he was required to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b). *See United States v. Neff,* 598 F.3d 320, 322 (7th Cir. 2010) (2009 amendment changed time to file notice of appeal for criminal cases to within 10 to 14 days of entry of judgment). Because the Court entered judgment on July 29, 2010, Tyler's judgment became final fourteen days later on August 12, 2010. Therefore, Tyler had until one year later to file the present Section 2255 motion on August 13, 2011. *See* Fed.R.Civ.P. 6(a)(1)(A) ("exclude the day of the event that triggers the period"). The present Section 2255 motion is dated August 7, 2012, and thus absent equitable tolling, Tyler's Section 2255 motion is untimely.

Construing his pro se allegations liberally, *see Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012), Tyler argues that the one-year limitations period should be equitably tolled based on his lawyer's ineffective assistance of counsel in failing to file a motion to correct or reduce his sentence under Federal Rule of Criminal Procedure 35(a). Specifically, Tyler argues that his

3

counsel should have filed a Rule 35(a) motion after August 3, 2010, so that he could receive the benefit of the lower mandatory minimum sentence as set forth in the Fair Sentencing Act of 2010. *See Dorsey v. United States,* ___U.S. ___, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012).

Although the one-year limitations period is subject to equitable tolling, courts only allow equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his Section 2555 motion. *See Holland v. Florida,* ___ U.S. ___, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also* 28 U.S.C. § 2255(f)(4).

It is well-established that a lawyer's mistake does not excuse delay under the doctrine of equitable tolling. *See Farzana K. v. Indiana Dep't of Educ.,* 473 F.3d 703, 706 (7th Cir. 2007) ("If counsel blundered to his client's prejudice, the remedy is malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error."). In other words, "a lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling." *See Johnson v. McCaughtry,* 265 F.3d 559, 566 (7th Cir. 2001). Because Tyler has failed to establish that "some extraordinary circumstance stood in his way" of filing a timely Section 2255 motion, *see Pace v. DiGuglielmo,* 544 U.S. at 418, his Section 2255 motion is untimely.

On a final note, although the Supreme Court's decision in *Dorsey* applies retroactively to defendants whose offenses predated the Act's effective date of August 3, 2010, *Dorsey* did not suggest that the Fair Sentencing Act of 2010 applied retroactively to defendants who were

4

sentenced before the Act's effective date. *See Dorsey,* 132 S.Ct. at 2335 ("Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."); *United States v. Robinson,* 697 F.3d 443, 444-45 (7th Cir. 2012) (same). As such, Tyler's counsel did not err in failing to file a Rule 35(a) motion because the Court sentenced Tyler before the Act's effective date. Moreover, Tyler himself filed a motion under 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act of 2010 in his criminal case, that the Court rejected on February 9, 2012.

## II. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Tyler a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have an absolute right to appeal a district court's denial of a Section 2255 motion; instead, he must first request a certificate of appealability ("COA"). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see also* 28 U.S.C. § 2253(b). Tyler is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012). Under this standard, Tyler must demonstrate that reasonable jurists would find the Court's assessment of his Section 2255 claims debatable or wrong. *See Miller-El,* 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In cases where a district court denies a claim on procedural grounds without reaching the merits of the underlying constitutional claims, a COA

should issue if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Here, the Court can find no reason why reasonable jurists would debate or disagree with the Court's ruling that Tyler's Section 2255 motion is untimely and that equitable tolling does not apply under the circumstances. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court dismisses Petitioner's Section 2255 motion as untimely. *See* 28 U.S.C. § 2255(f). Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** March 13, 2013

                                         **ENTERED**

                                         _____
                                         **AMY J. ST. EVE**
                                         **United States District Court Judge**